IN THE SUPREME COURT OF THE STATE OF NEVADA

DAVID STEPHEN MIDDLETON,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
DAVID A. HARDY, DISTRICT JUDGE,
Respondents,
and
WILLIAM REUBART, WARDEN; AND
AARON D. FORD, ATTORNEY
GENERAL OF NEVADA,
Real Parties in Interest.

No. 85637

FILED

DEC 08 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

*ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges a district court order denying a motion to withdraw exhibits for forensic testing.

A writ of mandamus is available to control the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or to control a manifest abuse or arbitrary or capricious exercise of discretion, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). The writ will not

22-38592

issue if the petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170. Despite a remedy, this court may nevertheless consider the writ petition "in the interest of judicial economy and in order to control a manifest abuse or capricious exercise of discretion." *Brown v. Eighth Judicial Dist. Court*, 133 Nev. 916, 919, 415 P.3d 7, 10 (2017). Petitions for extraordinary writs are addressed to the sound discretion of this court, *see State ex rel. Dep't of Transp. v. Thompson*, 99 Nev. 358, 360, 662 P.2d 1338, 1339 (1983), and the petitioner must demonstrate that relief is warranted, *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

We have considered the petition and are not satisfied that our intervention by way of extraordinary writ is warranted. Middleton filed the motion to withdraw exhibits over two years after he filed the notice of appeal from the district court's order denying his postconviction habeas petition. The motion sought to develop evidence related to a claim in the postconviction petition. Therefore, the district court's conclusion that it lacked jurisdiction to consider Middleton's motion did not constitute a manifest abuse or capricious exercise of its discretion. *See Mack-Manley v. Manley*, 122 Nev. 849, 855, 138 P.3d 525, 529 (2006) (providing that the filing of a timely notice of appeal divests the district court of jurisdiction to act in the matter). In addition, while he did not make the showing required to obtain a limited remand, Middleton had an adequate legal process to seek it. *See* NRAP 12A (providing process to seek remand to the district court

when the district court denies motion for lack of jurisdiction but indicates it would grant motion or that motion raises substantial issue). Accordingly, we

ORDER the petition DENIED.[1]

_____, C.J.
Parraguirre

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. David A. Hardy, District Judge
Federal Public Defender/Las Vegas
Attorney General/Carson City
Washoe County District Attorney
Washoe District Court Clerk

_____

[1]As we have affirmed the district court's order denying Middleton's postconviction habeas petition, *see Middleton v. State*, No. 81217 (Dec. 2, 2022) (Order of Affirmance), we deny his motion to consolidate as moot.

The Honorable Abbi Silver having retired, this matter was decided by a six-justice court.